

16
Exh-A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN WILSON,

    Plaintiff,

vs.

THE ALLEN COMPANY, d/b/a
DANAHER BUSINESS SYSTEMS
a/k/a DANAHER CORPORATION
a/k/a DANAHER MOTION and
LINEAR MOTION, LLC, jointly and
severally as Defendants,

    Defendants.
_____/

File No. 06- **06-11035**

HONORABLE

**Judge David M. Lawson**

**MAGISTRATE JUDGE
CHARLES E. BINDER**



MASTROMARCO & JAHN, P.C.
VICTOR J. MASTROMARCO, JR. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue, P.O. Box 3197
Saginaw, Michigan 48605-3197
(989) 752-1414
_____/

There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in the present complaint, which has either been previously filed or dismissed.

## COMPLAINT, DEMAND FOR JURY TRIAL AND PRE-TRIAL CONFERENCE

NOW COMES, the above-entitled Plaintiff, STEVEN WILSON, by and through his attorneys, MASTROMARCO & JAHN, P.C., by VICTOR J.

MASTROMARCO, JR., and hereby Complains against the Defendants stating as follows:

## COMMON ALLEGATIONS

1.

That at all times material hereto, Plaintiff is a resident of the County of Saginaw, State of Michigan.

2.

That at all times material hereto, Danaher and Linear Motion is a foreign corporation, with its principal place of business located in Colorado, but is doing business in Saginaw, Michigan, under the name of "Linear Motion, LLC."

3.

That Defendant Linear Motion, LLC, is a Michigan Corporation (upon information and belief).

4.

That the two Defendants above will be referred to collectively as "Danaher" for purposes of this Complaint.

5.

That the amount in controversy exceeds the sum of $125,000.00, exclusive of all costs, interest and attorney fees.

2

6.

That Plaintiff has filed a claim with the EEOC and has received a Right to Sue letter, See **EXHIBIT #1** attached hereto.

7.

That Plaintiff began and was hired by the Defendant Danaher on or about February 18, 2002.

8.

That from that point forward, Plaintiff had always received satisfactory or above satisfactory work performance appraisals.

9.

That furthermore, Defendants did provide the Plaintiff with a promotion in February of 2005, and also received a bonus and a raise in salary in that month because of his performance.

10.

That Plaintiff was also given a detailed document which set forth the incentive compensation program that he was being included in, which was also a bonus, based on his performance and the performance of the plant.

11.

That furthermore, that Plaintiff was given the responsibility during the course of his employment and because of his good performance was given the duties of Supervision over 70% of the staff and the Defendant Danaher's Saginaw location.

3

12.

That during the course of Plaintiff's employment with Danaher, the Plaintiff became aware of the fact that Danaher had purchased a plant in Saginaw, Michigan.

13.

That the plant that was purchased by Danaher was the former Thompson Ball and Screw Plant on Hamilton Street in Saginaw, Michigan.

14.

That because Plaintiff was originally from Saginaw, Michigan, he expressed an interest in any openings that might occur in the Saginaw location.

15.

That Plaintiff did accept and was hired for the position of "Manufacturing Technical Leader" on December 18, 2003, and came to the Saginaw location at that time where be began work.

16.

That during the course of Plaintiff's work at the Saginaw location, he always performed in a satisfactory or above satisfactory manner.

17.

That at the Saginaw location known as "Linear Motion" it employed approximately 140 employees.

18.

That Plaintiff was the only black Manager employed at this location.

4

19.

That as such, Plaintiff was a member of a protected class.

20.

That on May 11, 2005, Plaintiff was called into the Plant Manager's office, and was told that he was going to be terminated for "performance reasons."

21.

That Defendants did not identify any alleged "performance reasons" and Plaintiff had never been placed on a Performance Improvement Plan (hereinafter referred to as PIP), as was the required policy.

22.

That subsequent thereto, Plaintiff was formally terminated on June 10, 2005, and was never provided a reason for his termination.

## COUNT I – VIOLATIONS OF TITLE VII AND ELCRA

23.

Plaintiff incorporates by reference thereto, paragraphs 1 through 22 of his Common Allegations word for word and paragraph by paragraph.

24.

That Plaintiff was a member of a protected class by virtue of his race; the Plaintiff is African-American.

MASTROMARCO & JAHN, P.C., 1024 N. Michigan Avenue, P.O. Box 3197, Saginaw, Michigan, 48605-3197   (989) 752-1414
Website: Mastromarco-Jahn.com

25.

That Plaintiff's race was a factor in his treatment and ultimate termination which occurred on June 10, 2005, because Plaintiff was terminated without a cause, without a reason and the pretextural statements made by Defendant were never verified.

26.

That furthermore, and although Defendants did claim that Plaintiff's "performance" was at issue, they never provided the Plaintiff a Performance Improvement Plan, nor did they identify the areas of alleged deficiency. This would be a violation of Defendants' own written policies.

27.

That at all times material hereto Plaintiff was qualified to perform his position and was performing his duties in a satisfactory manner at the time of his termination.

28.

That similarly situated Caucasians were treated more favorably then the Plaintiff because of his race and subsequent to his termination, he was replaced by a Caucasian.

29.

That Defendant failed to comply with its procedural requirements in its treatment of the Plaintiff and eventual discharge of the Plaintiff.

MASTROMARCO & JAHN, P.C., 1024 N. Michigan Avenue, P.O. Box 3197, Saginaw, Michigan, 48605-3197   (989) 752-1414
Website:  Mastromarco-Jahn.com

30.

That these adverse actions were taken because Plaintiff was African-American and his race was a motivating factor in his treatment and ultimate termination.

31.

That Defendants purported non-discriminatory reasons for Plaintiff's treatment and ultimate termination are all pretextural in nature.

32.

That the above-listed adverse employment actions were taken in violation of the ELCRA and Title VII.

33.

That as a direct and proximate result of Defendants' actions, Plaintiff has suffered severe economic losses in the form of lost future pay, opportunities in a 401k Plan, healthcare, lost dental, lost vacation pay, lost sick pay, lost life insurance benefits, and other fringe benefits as well as interest on all said amounts in excess of $125,000.00.

34.

That as a direct and proximate result of Defendants' wrongful actions, Plaintiff has sustained severe emotional distress in the form of mental anguish, humiliation, embarrassment, destruction of his lifestyle, emotional distress, as well as mental anguish in an amount of excess of $125,000.00.

MASTROMARCO & JAHN, P.C., 1024 N. Michigan Avenue, P.O. Box 3197, Saginaw, Michigan, 48605-3197   (989) 752-1414
Website: Mastromarco-Jahn.com

35.

That the Plaintiff has likewise sustained attorney fees and costs.

36.

That Plaintiff is entitled to liquidate his damages under the Federal Statute.

## COUNT II – BREACH OF IMPLIED IN FACT CONTRACT

37.

Plaintiff incorporates by reference thereto, paragraphs 1 through 22 of his Common Allegations and paragraphs 20 through 36 of Count I, word for word and paragraph by paragraph.

38.

That during the course of Plaintiff's employment with Defendant, Defendant had certain policies and procedures which required the Plaintiff, if in fact his performance was deficient, to be placed on a Performance Improvement Plan.

39.

That Plaintiff could not be discharged, unless the procedures were followed and unless good cause existed.

40.

That as of Plaintiff termination on June 10, 2005, Plaintiff had an employment contract with the Defendant, Danaher, which included, as referred to above, personnel policies, work rules and internal policies of HR, which formed an agreement that

MASTROMARCO & JAHN, P.C., 1024 N. Michigan Avenue, P.O. Box 3197, Saginaw, Michigan, 48605-3197   (989) 752-1414
Website:  Mastromarco-Jahn.com

Plaintiff would be treated in a certain manner, and would only be discharged once those procedures were followed, and only after good cause would be demonstrated for said termination, and only after Defendant provided Plaintiff with a progressive disciplinary procedure.

41.

That in point of fact, Defendant did terminate Plaintiff without cause and in violation of Defendants' PIP policy, and in violation of other policies and procedures and progressive discipline.

42.

That as noted above and throughout his employment with the Defendant, Plaintiff had an exemplary work record.

43.

That as a direct and proximate result of Defendants' actions, Plaintiff has suffered severe economic losses in the form of lost future pay, opportunities in a 401k Plan, healthcare, lost dental, lost vacation pay, lost sick pay, lost life insurance benefits, and other fringe benefits as well as interest on all said amounts in excess of $125,000.00.

44.

That as a direct and proximate result of Defendants' wrongful actions, Plaintiff has sustained severe emotional distress in the form of mental anguish, humiliation,

MASTROMARCO & JAHN, P.C., 1024 N. Michigan Avenue, P.O. Box 3197, Saginaw, Michigan, 48605-3197   (989) 752-1414
Website: Mastromarco-Jahn.com

embarrassment, destruction of his lifestyle, emotional distress, as well as mental anguish in an amount of excess of $125,000.00.

**WHEREFORE**, the Plaintiff prays that this Honorable Court enter judgment in his favor, in an amount in excess of One Hundred and Twenty-Five Thousand ($125,000.00) Dollars to compensate him for all economic losses, all non-economic losses, and all attorney fees allowable under Statute.

Respectfully submitted,

MASTROMARCO & JAHN, P.C.

Dated: 3.6, 2006     By: _____
VICTOR J. MASTROMARCO, JR.(P34564)
Attorney for Plaintiff
1024 N. Michigan, P.O. Box 3197
Saginaw, Michigan 48605-3197
(989) 752-1414

## DEMAND FOR TRIAL BY JURY

*NOW COMES* the Plaintiff, STEVEN WILSON, by and through his attorneys, MASTROMARCO, & JAHN, P.C., and hereby demands a trial by jury of all issues in this cause of action unless expressly waived.

Respectfully submitted,

MASTROMARCO & JAHN, P.C.

Dated: 3.6, 2006     By: _____
VICTOR J. MASTROMARCO, JR.(P34564)
Attorney for Plaintiff
1024 N. Michigan, P.O. Box 3197
Saginaw, Michigan  48605-3197
(989) 752-1414

## DEMAND FOR PRE-TRIAL CONFERENCE

***NOW COMES*** the Plaintiff, STEVEN WILSON, by and through his attorneys, MASTROMARCO, & JAHN, P.C., and hereby demands a Pre-Trial Conference pursuant to the Michigan Court Rules.

Respectfully submitted,

MASTROMARCO & JAHN, P.C.

Dated: 3-9, 2006    By: _____
VICTOR J. MASTROMARCO, JR.(P34564)
Attorney for Plaintiff
1024 N. Michigan, P.O. Box 3197
Saginaw, Michigan 48605-3197
(989) 752-1414

MASTROMARCO & JAHN, P.C., 1024 N. Michigan Avenue, P.O. Box 3197, Saginaw, Michigan, 48605-3197   (989) 752-1414
Website: Mastromarco-Jahn.com

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Steven Wilson
12158 Country Run Drive
Birch Run, MI 48415

From: Detroit District Office
477 Michigan Avenue
Room 865
Detroit, MI 48226

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 230-2005-02543 | Lolita D. Davis, Enforcement Investigator | (313) 226-5277 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_signature_
James R. Neely, Jr.,
Director

1/17/06
(Date Mailed)

Enclosure(s)

cc: Susan Korth
Human Resource Supervisor
628 North Hamilton St
Saginaw, MI 48602

Victor J. Mastromarco, Jr.
Attorney at Law
1024 N. Michigan Avenue
P.O. Box 3197
Saginaw, MI 48605

**PLAINTIFF'S EXHIBIT A**

Enclosure with EEOC
Form 161-B (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

### Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
### or the Age Discrimination in Employment Act (ADEA):

**PRIVATE SUIT RIGHTS** --

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

### ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

06-11035

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: SAGINAW

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| STEVEN WILSON | THE ALLEN COMPANY, d/b/a DANAHER BUSINESS SYSTEMS a/k/a DANAHER CORP. a/k/a DANAHER MOTION and LINEAR MOTION, LLC, jointly and severally |
| (b) County of Residence of First Listed  Saginaw | County of Residence of First Listed  Saginaw NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (C) Attorney's (Firm Name, Address, and Telephone Number) Mastromarco & Jahn, P.C. 1024 N. Michigan Avenue, Saginaw, MI 48605 (989) 752-1414 | Attorneys (If Known)  Judge David M. Lawson MAGISTRATE JUDGE CHARLES E. BINDER |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury-Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21: 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel And Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC |
| 150 Recovery of Overpayment and Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine / PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced & Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other | | 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 730 Labor/Mgmt. Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting / 510 Motions to Vacate Sentence | 740 Railway Labor Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | [X] 442 Employment / Habeas Corpus: | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations / 530 General | 790 Other Labor Litigation | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare / 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights / 540 Mandamus & Other | | 871 IRS-Third Party 26 USC 7609 | 890 Other Statutory Actions |
| 290 All Other Real Property | 550 Civil Rights | | | |
| | 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC § 2000e

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    $ DEMAND 125,000.00    CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 3-9-06



SIGNATURE OF ATTORNEY OF RECORD

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?      ☐ Yes    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☐ Yes    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes : _____